UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

VICTOR ORTIZ ARCE,          :    No. 4:CV-05-2479
                            :
        Petitioner,         :    Petition filed 11/30/05
                            :
        vs.                 :    (Judge Muir)
                            :
T.C. OUTLAW, Warden, and,   :    (Magistrate Judge Smyser)
PENNSYLVANIA BOARD OF       :
PROBATION AND PAROLE,       :
                            :
        Respondents         :

ORDER

January 10, 2007

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On November 30, 2006, Petitioner Victor Ortiz Arce initiated this matter by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Respondents are the warden of the correctional institution at which Arce had been housed when he filed the petition, and the Pennsylvania Board of Probation and Parole (hereinafter "Pennsylvania Board"). All of Arce's claims stem from the Pennsylvania Board's decision to transfer Arce from state custody to federal custody on December 5, 1994, and subsequently lodge a detainer requiring his return to state custody after completion of a federal prison sentence.

Arce contends that the transfer constitutes a "re-parole" and that any attempt after the transfer to take him back into state custody would violate his federal constitutional due process rights, the Full Faith and Credit clause of the

Constitution, "and/or" the supremacy clause of the Constitution. Arce is proceeding *in forma pauperis* with appointed counsel.

The Clerk of Court assigned this case to us and referred it to Magistrate Judge J. Andrew Smyser for preliminary consideration.  On September 18, 2006, the Magistrate Judge issued a 17-page report recommending that Arce's petition be denied because he failed to exhaust his available state court remedies and, even if he had exhausted those remedies, the claims lack substantive merit.

On September 28, 2006, Arce filed objections to the Report and Recommendation supported by a brief.  The Respondents filed their opposition brief on October 11, 2006.  The time allowed for Arce to file a reply brief expired on October 30, 2006, and no such brief was filed.  For the reasons discussed in our order of November 3, 2006, we did not view Arce's objections to the Magistrate Judge's Report and Recommendation as ripe for disposition and we required supplemental briefing.  Arce's supplemental brief was timely filed on November 22, 2006, and the Respondents' supplemental brief was timely filed on December 7, 2006.  The time allowed for Arce to file a supplemental reply brief expired on December 27, 2006, and to this date no such brief has been filed.  Arce's objections to Magistrate Judge Smyser's Report and Recommendation are ripe for disposition.

When objections are filed to a report of a magistrate judge,

2

we make a *de novo* determination of those portions of the report
or specified proposed findings or recommendations made by the
magistrate judge to which there are objections. United States v.
Raddatz, 447 U.S. 667 (1980); 28 U.S.C. §636(b)(1); M.D. Pa.
Local Rule 72.31.  District judges have wide discretion as to how
they treat recommendations of the magistrate judge. Id.  In
providing for a *de novo* review determination rather than a *de
novo* hearing, Congress intended to permit whatever reliance a
district judge, in the exercise of sound discretion, places on a
magistrate judge's proposed findings and recommendations. Id.;
See also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v.
Clark, 749 F.2d 5, 7 (3d Cir. 1984).

Before addressing the merits of Arce's objections we will
set forth the material factual and procedural history of this
case.

On September 12, 1985, Arce was sentenced in the Court of
Common Pleas for Philadelphia County to 3 and ½ to 10 years for
various sexual assault offenses.  He was released on parole on
August 23, 1990.  On November 24, 1992, he was rearrested for
technical parole violations.  On January 11, 1993, the
Pennsylvania Board of Probation and Parole decided to impose a
sentence of 9 months' "backtime" for those technical parole
violations.

While serving that nine-month sentence, a federal indictment

was filed in the United States District Court for the Western
District of Pennsylvania charging Arce with committing various
offenses in three separate cases.  On November 15, 1993, the Hon.
D. Brooks Smith imposed a sentence of 241 months for those
offenses.

On November 23, 1993, Judge Smith issued an order which
provides in relevant part as follows:

> [T]he orders imposing sentence in these matters on November
> 15, 1993 are amended, pursuant to Fed.R.Crim.P. 36, to
> correct a technical omission.  The aggregate federal
> sentence of 241 months imposed at the above [caption]
> numbers shall be served concurrently to any sentence imposed
> by the Court of Common Pleas of Philadelphia County at No.
> 1620-1627 January Term 1985.

(Exhibit L in Support of Petition for Writ of Habeas Corpus)

Based on those federal convictions, on March 7, 1994, the
Pennsylvania Board of Probation and Parole imposed an additional
sentence of 48 months' "backtime" because the federal offenses
constituted non-technical parole violations.  The document which
sets forth the decision provides as follows: "Recommit to a state
correctional institution when available as a convicted parole
violator to serve a total of 48 months on backtime." (Document
29, Exhibit M)(Emphasis added)  Arce concedes that "[t]his
sentence was imposed in addition to the re-commitment sentence
that had been imposed for the technical parole violations."
(Brief in Support of Petition, p. 5)

In an order dated July 25, 1994, the federal court granted a

4

motion filed by the government pursuant to Rule 35(b) of the
Federal Rules of Criminal Procedure to reduce Arce's federal
sentence to a total of 181 months.  The order states that the
federal "terms of imprisonment shall run concurrently with a
state sentence currently being served, Court of Common Pleas of
Philadelphia County, 1620 to 1627 of the January term, of 1985."
(Exhibit N in Support of Petition for Writ of Habeas Corpus)
Arce was placed in a state institution to allow his federal and
the state sentence which he had been serving to run concurrently.

On December 5, 1994, Arce was transferred to a federal
institution to serve his federal sentence.  The transfer stopped
the clock from running on the sentence Arce was required to serve
in connection with his parole violations.  Consequently, on
January 3, 1995, the Pennsylvania Board lodged a detainer
requiring Arce's return to state custody after completion of his
federal sentence.

Arce challenged the December 5, 1994, transfer and the
subsequent detainer in various administrative and state court
proceedings.  Of special interest to us is the mandamus action
filed by Arce in March of 2005 in the Commonwealth Court of
Pennsylvania.  In its order dated September 20, 2005, the court
in that action considered the substantive merits of Arce's claims
and rejected them.  Arce never appealed that decision.

Based on the facts set forth above, Magistrate Judge Smyser

determined in this Report and Recommendation that Arce did not fully exhaust his available state remedies and even if the court considers the merits of his claims he is not entitled to any relief.

We first consider the question of whether Arce has exhausted his available state remedies.  A habeas corpus petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); Gonce v. Redman, 780 F.2d 333, 336 (3d Cir. 1985).  Exhaustion is not complete unless the trial court, Pennsylvania's intermediate appellate court, and the Supreme Court of Pennsylvania have been presented with the substance of petitioner's claims. See Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995); Evans v. Court of Common Pleas, 959 F.2d 1227, 1230 (3d Cir. 1992), cert. denied, 506 U.S. 1089 (1993).

The threshold inquiry in the exhaustion analysis is whether the claims asserted in the habeas corpus petition have been "fairly presented" to the state court. Picard v. Connor, 404 U.S. 270, 275 (1971).  In order for a federal habeas petitioner

> to have "fairly presented" [an] issue to the Pennsylvania
> courts, his "state court pleadings and briefs must
> demonstrate that he has presented the legal theory and
> supporting facts asserted in the federal habeas petition in
> such a manner that the claims raised in the state courts are
> substantially equivalent to those asserted in federal
> court."

Henderson v. Frank, 164-165 (3d Cir. 1998)(quoting Doctor v.

Walters, 96 F.3d 675, 678 (3d Cir.1996)).

Magistrate Judge Smyser concluded that Arce has not exhausted his available state remedies because he failed to appeal the September 20, 2005, order of the Commonwealth Court of Pennsylvania dismissing the petition for review in which he raised his current habeas corpus claims.  Arce objects to that conclusion, arguing that

> [t]he report omits petitioner's substantial challenges over a five-plus year period to the [Pennsylvania] Board's action through administrative channels with the Bureau of Prisons, filings in state courts, filings before the [Pennsylvania Board], the Commonwealth Court of Pennsylvania, and the Pennsylvania Supreme Court.

(Objections to Magistrate Judge's Report and recommendations, p. 3)

There was no need for the Magistrate Judge's Report and Recommendation to consider any of Arce's other "substantial challenges" to the Pennsylvania Board's action because Arce failed in all of those other proceedings to present fairly to the Pennsylvania courts the claims which he seeks to pursue in his pending habeas corpus petition.

As noted by Magistrate Judge Smyser in his Report and Recommendation, Arce's failure to appeal the Commonwealth Court's order of September 20, 2005, constitutes a procedural default of the claims raised in this case.  Because Arce has presented no valid reason to excuse the default we are barred from reviewing the merits of his current claims. *See* Carpenter v. Vaughn, 296

7

F.3d 138, 146 (3d Cir. 2002); Werts v. Vaughn, 228 F.3d 178 (3d Cir. 2000); McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999).

Out of an abundance of caution, Magistrate Judge Smyser proceeded to discuss the merits of Arce's claims.  The Magistrate Judge concluded that Arce failed to 1) present a sufficiently detailed factual basis to provide him with the relief sought, and 2) bolster his contentions with adequate citations to federal authority.

Two of Arce's objections to those conclusions are based on mischaracterizations of the Magistrate Judge's statements.  For instance, Arce "objects to the assertion in the report, [sic] indicating that he has not provided legal justification for his argument ...." (Objections to Magistrate Judge's Report and Recommendations, p. 3)  The actual statement in the Report and Recommendation is that "the petitioner does not provide persuasive legal justification for this argument." (Report and Recommendation, pp. 14-15)(Emphasis added)  Arce has not presented sufficient reasons to disturb the Magistrate Judge's conclusion on that point.

Arce also "objects to the characterization in the report suggesting that he relies on Pennsylvania law as a basis for seeking relief, particularly, Jacobs v. Robinson, 410 A.2d 959, 960 (Pa. Cmwlth. 1980)." (Objections to Magistrate Judge's Report

8

and Recommendations, p. 5)  That objection is meritless because
the Magistrate Judge referenced Arce's citation to <u>Jacobs</u> simply
to demonstrate that Arce had "[i]n part" relied upon Pennsylvania
law.

One of Arce's most significant objections is directed at
Magistrate Judge Smyser's determination that Arce's

> release into federal custody on December 5, 1994, was not a
> "re-parole."  Although Petitioner recognizes that the Board
> has taken a contrary position regarding its December 5,
> 1994, action, the records received by the federal
> authorities, ..., reflect otherwise.

(Id., p. 2)  The "records" cited by Arce are 1) the declaration
of Armond J. Booth, who is an Inmate Systems Manager at the
United States Penitentiary at Lewisburg, Pennsylvania; and 2) a
memorandum from the Records Supervisor at the State Correctional
Institution at Rockview in Bellefonte, Pennsylvania, to the
Assistant Manager of Records at the United States Penitentiary at
Allenwood in White Deer, Pennsylvania.

We are of the view that a federal official's comments
regarding the nature of an action taken by state officials are of
very limited value under the circumstances of this case.  The
memorandum cited by Arce contains only a handwritten notation on
the cover page of a facsimile transmission.

As noted by the Respondents, if the action taken by the
Pennsylvania Board on December 5, 1994, had actually been a re-
parole, a number of other documents would have been generated and

provided to Arce.  In the absence of such documents, the information cited by Arce in support of his conclusion that he had been re-paroled on December 5, 1994, are of only marginal significance.

Based on the totality of the circumstances presented to us, we agree with Magistrate Judge Smyser's determination that the Pennsylvania Board's action on December 5, 1994, did not constitute a re-parole of Arce.

We will overrule all of Arce's objections to Magistrate Judge Smyser's Report and Recommendation because none of them present any reason to disturb the Magistrate Judge's fundamental conclusions.

In closing, we make one additional observation.  The premise underlying all of Arce's claims is that his transfer to state custody on December 5, 1994, was unlawful because it contravened the portion of Judge Smith's sentence stating that Arce's federal sentence should run concurrently with his state sentences.  A review of the precise language in the four pertinent orders issued by Judge Brooks calls that premise into question.

The first relevant order was issued on November 23, 2994, and it provides that the federal sentence was to "be served concurrently to any sentence imposed by the Court of Common Pleas of Philadelphia County ...." (Exhibit L in Support of Petition for Writ of Habeas Corpus)  None of the Pennsylvania Board's

10

actions challenged by Arce in this case (i.e., the transfer on December 5, 1994, and the detainer lodged against him on January 31, 1995) are inconsistent with that portion of the sentence because those actions are based on sentencing decisions taken by the Pennsylvania Board, as opposed to the Court of Common Pleas of Philadelphia County, for parole violations.

The only remaining orders to consider are the three issued by Judge Smith on July 25, 1994. Each of those three orders states that the federal "terms of imprisonment shall run concurrently with a state sentence currently being served." The only "state sentence" Arce was serving at that time appears to be the backtime sentence imposed as a result of Arce's <u>technical</u> parole violations. Arce would not commence serving the more significant 48-month sentence until he "was available," which apparently was not until after he finished serving his federal sentence. (Exhibit M in Support of Petition for Writ of Habeas Corpus) According to Pennsylvania law, Arce could be required to serve the 48-month sentence after completion of his federal sentence. *See* 61 P.S. § 331.21(a); Ayala v. Pennsylvania Bd. of Prob. and Parole, 2003 WL 23142189 (E.D. Pa. Dec. 29, 2003)(Report and Recommendation issued by Magistrate Judge Wells), 2004 WL 1535767 (E.D. Pa. July 6, 2004)(Gardner, J.)(adopting report and Recommendation).

Our interpretation of Judge Smith's sentencing orders leads

us to conclude that Arce's transfer on December 5, 1994, and the detainer lodged against him on against him on January 31, 1995, did not violate any of those orders.

We agree with Magistrate Judge Smyser's report and recommendation, will adopt it as our own, and will deny Arce's habeas corpus petition.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Arce's objections (Document 35) to Magistrate Judge Smyser's Report and Recommendation are overruled.

2. Magistrate Judge Smyser's Report and Recommendation (Document 34) is adopted in toto.

3. Arce's petition for writ of habeas corpus (Document 1) is denied.

4. The Clerk of Court shall close this file.

5. Any appeal from this order will be deemed lacking in probable cause, i.e., a substantial showing of the denial of a constitutional right, and a certificate of appealability will not issue.


s/Malcolm Muir
MUIR, U. S. District Judge

MM:gja

12